IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DIANE L. BATES | § | |
| | § | |
| Plaintiff, | § | |
| | § | C. A. No. |
| v. | § | |
| | § | |
| KROGER TEXAS, LP AND KRPC, INC | § | |
| | § | (Jury Demanded) |
| Defendants. | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE:**

  **COMES NOW** Plaintiff, Diane L. Bates, filing this Original Complaint complaining of Defendants, Kroger Texas, LP and KRPC, Inc., and in support thereof would show as follows:

## I.
## JURISDICTION, PARTIES AND VENUE

  1. This Court has jurisdiction over the causes of action asserted by Plaintiff pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.; §1981a, 42 U.S.C. § 1981; 42 U.S.C. § 2000e5(f), 28 U.S.C. §§ 1331 and 1343(a)(4).

  2. Venue is proper in this district pursuant to 42 U.S.C. § 2000e 5(f) and 28 U.S.C. § 1391(b) & (c).  DEFENDANT'S principal place of business is located in the Southern District of Texas and a substantial part of the unlawful acts set for the below occurred in this district.

  3. Plaintiff, Diane L. Bates (hereinafter "Plaintiff"), is an individual who resides in Houston, Harris County, Texas. Plaintiff is a member of a group protected by Title VII and was at all relevant times an employee within the meaning of the applicable statute.

4. Kroger Texas, LP and KRPC, Inc., (hereinafter "Defendant") are entities whose offices are located in the Southern District and which regularly conducts business in Texas. Defendant was at all relevant times an employer within the meaning of Title VII.

5. The causes of action complained of herein wholly or partly arose in the Southern District of Texas, Houston Division.

## II.
## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission (hereinafter "EEOC") on or about August 23, 2012. In said Charge No. 846-2013-14780, Plaintiff asserts that she was (1) subjected to discriminatory treatment based on her race and sex in violation of Title VII of the Civil Rights Act of 1964, as amended, and (2) subjected to discriminatory treatment based on her age in violation of the Age Discrimination in Employment Act of 1967, as amended.

7. The EEOC issued a Right to Sue Notice authorizing this lawsuit on March 19, 2014. Plaintiff has exhausted his administrative remedies and files this suit within the statutory limitations period.

## III.
## FACTUAL BACKGROUND

8. Plaintiff was employed by Defendants as a store manager. During the course of Plaintiff's employment, Defendants treated other employees outside of Plaintiff's race, sex and age category differently. Defendant's conduct tangibly effected the terms and conditions of Plaintiff's employment. On August 23. 2013, Defendants wrongfully terminated Plaintiff because of her race, sex and age.

9. During Plaintiff's employment with Defendant, females, blacks and employees over 40 were treated differently from their counterparts with regards to discipline and terminations at Defendant's company.

10. The effect of the practices complained of in paragraphs above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her race, sex and age.

## IV.  CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
*Violation of Title VII – Disparate Treatment*

11. Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs 1 through 10.

12. Defendant has maintained a system for making promotion, compensation and termination decisions that are excessively subjective and through which Defendant discriminated against Plaintiff on the basis of her race, sex and age by denying her the same opportunities for upward mobility, compensation and continued employment afforded to other employees outside of her protected classes.

13. Defendant's discriminatory practices described above have denied Plaintiff promotional opportunities, compensation and continued employment to which she was entitled, which has resulted in emotional distress and other harm for which entitles her to compensation.

14. Defendant has undertaken these discriminatory practices willfully or with reckless disregard for the rights of Plaintiff.  Such rights are protected under Title VII.

15. These employment practices violated § 703 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2.

## SECOND CLAIM FOR RELIEF
*Violation of 42 U.S.C. 1981 – Intentional Discrimination*

16. Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs 1 through 10.

17. Defendant has maintained a system for making promotion, compensation and termination decisions that are excessively subjective and through which defendant discriminated against Plaintiff on the basis of her race denying her the same opportunities for upward mobility, compensations afforded to others outside of his protected class.

18. Defendant's discriminatory practices described above have denied Plaintiff promotional opportunities, compensation and continued employment to which she was entitled, which has resulted in emotional distress and other harm for which entitles him to compensation.

19. Defendant has undertaken these discriminatory practices willfully or with reckless disregard for the rights of Plaintiff.  Such rights are protected under 42 U.S.C. § 1981.

20. These employment practices violated 42 U.S.C. § 1981.

## V.
## JURY DEMAND

21. Plaintiff requests that this action be heard before a jury.

## VI.
## DAMAGES

22. Defendant's conduct constitutes violations of statutory law.  That unlawful conduct seriously affected Plaintiff in her occupation, trade and business.  Because of Defendant's unlawful conduct, Plaintiff has suffered, suffers, and will suffer in the future

humiliation, mental anxiety and stress, and other damages. Accordingly, Plaintiff seeks all general, special, incidental and consequential damages all in an amount to be proved at trial.

23. Because of Defendant's unlawful conduct, it has been necessary for Plaintiff to retain the undersigned attorney to represent her. Plaintiff has agreed to pay the attorney reasonable attorney's fees for the preparation and trial of the causes, and further for any appeal thereof should same become necessary.

24. Additionally, Plaintiff has suffered out-of-pocket expenses, which include litigation costs, and other expenses to preserve her ability to earn a living. Accordingly, Plaintiff seeks all general, special, incidental and consequential damages as shall be proven at trial.

25. Further, Plaintiff seeks pre-judgment interest at a rate commensurate with the actual rate of interest in the marketplace or, alternatively, the statutory rate of interest because of the delay in receiving the damages and to avoid unjust enrichment to Defendant. Plaintiff also seeks post-judgment interest at the maximum rate allowed by law in the event that Defendant does not promptly tender damages assessed against them and to avoid unjustly enriching Defendant.

## VII.
## PRAYER

WHEREFORE, premises considered, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff has judgment against Defendant for:

a. Permanent injunction enjoining Defendant, its agents, successors, employees, and those acting in consort with Defendant, from continuing to violate Plaintiff's civil rights.

b. All damages to which Plaintiff may be entitled pursuant to this Complaint, or any amendment(s) thereto, including but not limited to back pay, reinstatement, front

      pay, statutory relief at law, and equity;

c.    Compensatory damages for pain and mental suffering;

d.    Reasonable attorney's fees, with conditional awards in the event of appeal;

e.    Pre-judgment interest at the highest rate permitted by law;

f.    Post-judgment interest from the judgment until paid at the highest rate permitted by law;

g.    Costs of court; and

h.    Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Complaint or by any amendment hereto.

      Respectfully submitted,

      ANDERSON & SMITH, P.C.

        / s / Wendle V. Smith
      WENDLE V. SMITH
      T.B.N. 18701470
      One Arena Places
      7322 Southwest Freeway, Suite 2010
      Houston, Texas 77074
      (713) 621-5522
      (713) 995-1499 Facsimile
      Attorney for Plaintiff