```
               IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF TEXAS
                         HOUSTON DIVISION
```

DIANE L. BATES, §
§
    Plaintiff, §
§
V. § CIVIL ACTION NO. H-14-1713
§
KROGER TEXAS, L.P., §
AND KRPC, INC., §
§
    Defendants. §

## MEMORANDUM OPINION

Pending before the court[1] is Defendant Kroger Texas, L.P.'s ("Kroger") Motion to Dismiss Plaintiff's Supplemental Complaint, or in the Alternative, for a More Definite Statement (Doc. 25). Plaintiff Diane L. Bates ("Plaintiff") has not filed a response, and the submission date has passed.[2] The court has considered the motion, all relevant filings, and the applicable law. For the reasons set forth below, the court **GRANTS** Kroger's motion to dismiss.

### I. Case Background

Plaintiff filed this action on June 18, 2014, against Defendant, her former employer, alleging employment discrimination under the Civil Rights Act of 1964 ("Title VII"). The United States Equal Employment Opportunity Commission ("EEOC") issued a

---

    [1] The parties consented to proceed before the undersigned magistrate judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. Doc. 20.

    [2] See S.D. Tex. R. 7.3, 7.4.

Right to Sue Notice for this matter on March 19, 2014.

**A.   <u>Factual Background</u>**

Plaintiff worked at four Kroger stores during her tenure at the company, most recently serving as a manager of Store 161 until Kroger terminated her from the position on August 23, 2013. Plaintiff claimed Kroger "wrongfully terminated [her] because of her race, sex and age."[3]

Plaintiff claimed that "females, blacks and employees over 40" received differential treatment "with regards to discipline and termination" at Kroger.[4] Plaintiff stated Kroger terminated her for misappropriating funds after she removed $287 from a store vending machine to contribute to a store-sponsored fundraiser.[5] She described this act as a "common expectation" at Kroger for store managers and cited to an incident in which a white female store manager retained her position after she took $680 from a vending machine and contributed it to a store fundraiser.[6]

Plaintiff also stated that black, female employees and employees older than forty received differential treatment in regard to advancement within the company.[7] She cited six

---

[3]   <u>Id</u>. p. 2.

[4]   <u>Id</u>. p. 9.

[5]   <u>Id</u>. p. 3.

[6]   <u>Id</u>. pp.3, 4.

[7]   <u>Id</u>. p. 4.

incidences in which she unsuccessfully sought different positions, three of which were offered to white males, two to white females, and one to an Asian female.[8]  Plaintiff did not allege the ages of the successful candidates.

**B.  Procedural Background**

Plaintiff filed her Original Complaint against Kroger and KRPC, Inc. ("KRPC"), claiming relief under Title VII and 42 U.S.C. § 1981.[9]  Kroger filed a Motion to Dismiss, or in the Alternative, for a More Definite Statement on September 10, 2014, on the grounds that Plaintiff did not provide sufficient facts to support her claims in the Original Complaint.[10]  Plaintiff responded and asked the court to deny Kroger's motions.  The court granted Kroger's Motion for a More Definite Statement and allotted Plaintiff twenty additional days to amend her original complaint.[11]

Plaintiff filed her Amended Complaint on November 19, 2014, against Kroger and KRPC and claimed relief under Title VII and 42 U.S.C. § 1981.[12]  In a court scheduling conference on November 21, 2014, Kroger claimed that Plaintiff's Amended Complaint did not support her age discrimination claim. The court ordered Plaintiff

---

[8]  Id. pp. 4, 5.

[9]  Doc. 14, Pl.'s First Am. Compl.

[10]  Doc. 3, Def.'s Mot. to Dismiss, or in the Alternative, for a More Definite Statement.

[11]  Doc. 10, Order Granting Def.'s Mot. For a More Definite Statement.

[12]  Doc. 14, Pl.'s First Am. Compl.

to file a supplement within twenty days.[13]

Plaintiff filed her Supplement to First Amended Complaint on December 11, 2014, against Kroger and KRGP, Inc.[14] In this supplement, Plaintiff added a claim for relief under the Age Discrimination in Employment Act ("ADEA").[15] Kroger filed its Motion to Dismiss Plaintiff's Supplemental Complaint, or in the Alternative, for a More Definite Statement on December 17, 2014.[16]

## II. Legal Standard

Rule 12(b)(6) allows dismissal of an action whenever the complaint, on its face, fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss, the court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts. Harold H. Huggins Realty, Inc. v. FNC, Inc., 634 F. 3d 787, 803 n.44 (5th Cir. 2011)(quoting True v. Robles, 571 F. 3d 412, 417 (5th Cir. 2009)).

A complaint need not contain "detailed factual allegations" but must include sufficient facts to indicate the plausibility of the claims asserted, raising the "right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555

---

[13] Doc. 17, Min. Entry Dated Nov. 21, 2014.

[14] Doc. 24, Pl.'s Supplement to First Am. Compl.

[15] Id. p. 1.

[16] Doc. 25 Def.'s Mot. to Dismiss, or in the Alternative, for a More Definite Statement.

(2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plausibility means that the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of actions." Twombly, 550 U.S. at 555. In other words, the factual allegations must allow for an inference of "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678.

### III. Analysis

Kroger argues that Plaintiff's claims under the ADEA should be dismissed under Rule 12(b)(6) because she did not state a claim upon which relief can be granted. Plaintiff has not responded to Defendant's motion to dismiss, and the motion is therefore unopposed. The court may not, however, automatically grant unopposed dispositive motions. See John v. State of La. (Board of Trs. For State Colls. & Univs.), 757 F. 2d 698, 708 (5th Cir. 1985). The court will consider Defendant's argument.

In order to establish a prima facie case of age discrimination, the plaintiff must show that she: (1) was discharged from the position; (2) was qualified for the position; (3) was within the protected class; and (4) was replaced by someone younger or outside of the protected class. Sandstad v. CB Richard Ellis, Inc., 309 F.3d 893, 897 (5th Cir. 2002); see also McDonnell

5

Douglas Corp. v. Green, 411 U.S. 792, 802.

Plaintiff did not plead sufficient facts to support a claim that she was replaced by someone younger or outside the protected class with respect to these positions.  Instead, Plaintiff merely stated that she belongs to "the class of employees protected under the [ADEA], namely, employees over the age of 40 years."[17]  A "formulaic recitation of the elements of a cause of action" is not enough, and the court concludes that Plaintiff has not plausibly established her "right to relief above the speculative level" with respect to her ADEA claim.  Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 678.

Plaintiff has had three opportunities to provide sufficient factual support for her ADEA claim and has failed to do so.  The court concludes that any additional opportunity to correct the pleading deficiency on this claim would be a futile exercise.

### IV. Conclusion

Based on the foregoing, the court **GRANTS** Kroger's Motion to Dismiss Plaintiff's Supplemental Complaint.

**SIGNED** in Houston, Texas, this 31st  day of March, 2015.

_____
U.S. MAGISTRATE JUDGE

---

[17]   Doc. 24, Pl.'s Supplement to First Am. Compl. p. 1.